ANGELO GEMMA *vs.* ACHILLE G. VERVENA,
*Temporary Guardian.*

JOHN DiLIBERO *vs.* SAME.

JOHN DiLIBERO *vs.* SAME.

ANGELO GEMMA *vs.* SAME.

JULY 31, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. These cases are appeals from decrees of the probate court of the city of Providence. They were heard together in the superior court by a justice thereof sitting without a jury. He granted appellee's motion to dismiss each of said appeals, and the appellants have duly prosecuted their bills of exceptions to this court.

The cases grow out of the same proceeding in the probate court and the facts are undisputed. The appellant Gemma, on March 21, 1941, filed a petition in that court alleging that his wife, whom he had married in the previous November, was of unsound mind, and asking that he or some other suitable person be appointed guardian of her person and estate. At the same time he filed a petition seeking the appointment of a temporary guardian pending a hearing on his other petition. On April 17, 1941 the last-mentioned petition was granted and appellee was appointed temporary guardian. On June 7, 1941 a petition was filed on behalf of the ward alleging that she was of sound mind and asking for her release from guardianship. This petition was heard on June 23, 1941 and a decree was entered releasing the ward from guardianship and discharging the appellee as temporary guardian. The appellant Gemma's petition for the appointment of a permanent guardian over his wife had not been disposed of prior to June 23 and on that date it was denied and dismissed.

The appellee as temporary guardian, on June 25, 1941, filed in the probate court an inventory of the ward's estate and also his final account. The latter was duly advertised and eventually continued to August 13, 1941, on which date it was allowed. In the meantime the appellants and certain doctors, employed by appellant Gemma or his counsel, had filed claims against the estate of the ward. ꞌOne of these was filed on June 25 and the others were all filed after that date. These claims, of course, did not appear in the final account of the appellee as temporary guardian and he did not pass upon them in any way.

On July 25, 1941 the appellant DiLibero filed a petition praying that the allowance of the appellee's final account as temporary guardian and the discharge of his bond be stayed until an allowance to said appellant be made by the probate court out of the ward's estate for the payment of legal services rendered by him and for his expenses in connection with the filing and prosecuting of the petitions for the appointment of a guardian, both temporary and permanent, over the person and estate of the ward. On the same day the appellant Gemma also filed in that court a petition asking that the approval of the final account of the appellee as temporary guardian be stayed, and that the appellee be not discharged as temporary guardian and released from his bond until the claims filed against the estate of the ward had been passed upon by him. Both of these petitions were denied and dismissed on August 13, 1941.

Each appellant prosecuted an appeal from the allowance by the probate court of the appellee's final account and also from the dismissal of his petition asking that court to withhold action on said account. These are the appeals dismissed by the superior court, the correctness of which ruling is now before us.

It seems to be reasonably clear that the appellants are attempting to charge the ward's estate with the payment of certain legal and medical fees incident to the prosecution in the probate court of the two petitions filed by the appellant

Gemma for the appointment of a guardian, both temporary and permanent, over the person and estate of his wife.

The appellee and the ward contend, in substance, that no provision is made in the statutes for the filing of claims against the estate of a ward in the hands of a temporary guardian; that the appellants are not real parties in interest or persons aggrieved by the decrees of the probate court in question; and that therefore they cannot maintain their appeals from the entry of such decrees. We are of the opinion that these contentions are correct.

In these cases we are not concerned with any possible claims or rights which might otherwise exist. We are concerned only with the right of the parties to proceed under our probate statutes, upon their claims as filed, directly against the estate of a ward who was under a mere temporary guardian.

Probate proceedings are entirely statutory. Sections 8, 9 and 10 of chap. 426, G. L. 1938, are the only sections of the statutes which deal with temporary guardians. Section 8 provides for the appointment of such a guardian for cause shown, in the discretion of the probate court, pending any application for the appointment of a permanent guardian or pending any appeal from a decree appointing such a guardian. Section 9 provides that a temporary guardian shall hold office until the question of the appointment of a permanent guardian is decided or until he shall be discharged; and from the appointment of such temporary guardian there shall be no appeal. Section 10 provides that every temporary guardian shall have the care and custody of the person of his ward, and the management of his estate, and he shall give bond to the probate court in like manner, and with like condition, as is required of guardians.

This court in *McKenna* v. *McKenna*, 29 R. I. 224, and in *Estes* v. *Probate Court*, 36 R. I. 57, indicated the purpose of conferring on the probate court the power to appoint temporary guardians. In the latter case the court, after pointing out that it was apparent that in many cases the necessity

for the appointment of a temporary guardian would arise, stated, at page 59 of its opinion, that such action "is interlocutory in its nature and is taken for the temporary protection of the ward and his estate until the vital matter involved, *i. e.*, the question of the appointment of a permanent guardian, can be determined."

In connection with the appointment of a permanent guardian it may be noted that provision is made in the statutes for the filing of an inventory, the presentation and filing of claims, the disallowance of claims, the bringing of actions on claims, and the filing of accounts. However, as appears from the three sections of the statutes above referred to, dealing with the appointment and duties of a temporary guardian, they contain no provisions for any such steps in connection with the management of the ward's estate.

Apparently, no such steps were provided for or contemplated in relation to the management of the ward's estate by the temporary guardian, because the status of such a guardian in the ordinary case is only temporary, pending the decision on the petition for the appointment of a permanent guardian, or the disposition of an appeal. In this case, for example, the appellee as temporary guardian acted only from April 17 to June 23, 1941. Further, the appointment of a temporary guardian does not finally determine any rights in relation to the alleged ward or his estate. If a permanent guardian is later appointed, those having claims against the ward or his estate may proceed according to statute. If the petition for appointment of a permanent guardian is denied and the temporary guardian is discharged, as was the case here, there is no estate, as the alleged ward was *sui juris.*

In *Tillinghast* v. *Brown University,* 24 R. I. 179, this court stated, at page 183, that "a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest." There is nothing in the record before us which indicates that either the ward

or the appellee had dealings with those persons who filed the claims in question against her estate, or had dealings with the appellants, so as to become liable to such persons or to the appellants. It seems clear that whoever else might possibly be interested in the allowance of the appellee's final account, as the temporary guardian, or aggrieved by the entry of the decrees of the probate court in question, these appellants, under the circumstances appearing herein, are not in that category. We find, therefore, that the superior court was not in error when it dismissed the appeal of each appellant from the decree of the probate court allowing the final account of the appellee as temporary guardian. The exception of each appellant to such action by the superior court is overruled.

In our opinion, the finding just made disposes of the petition of the appellant Gemma that the probate court stay action on the appellee's final account. In that petition said appellant was, in effect, merely seeking the disallowance of the account as filed. The appellant Gemma's exception to the dismissal by the superior court of his appeal in connection with such petition is, therefore, overruled.

In support of his petition for a stay and for fees and expenses, the appellant DiLibero, who at no time was attorney for the appellee or his ward, but who represented the appellant Gemma, calls our attention to § 12 of chap. 426. This section is as follows: "If a guardian is appointed for any person liable to be put under guardianship under the provisions of § 7, the court shall make an allowance to be paid by the guardian, for all reasonable expenses incurred in prosecuting or in defending against the petition." In our opinion, that section is of no aid to said appellant. It does not apply to the appointment of a temporary guardian under § 8, but only when a permanent guardian is appointed under § 7. In the instant case no permanent guardian was ever appointed. The exception of such appellant to the dismissal by the superior court of his appeal in relation

to his petition for a stay and for fees and expenses is over-ruled.

All of the appellants' exceptions in each case are over-ruled, and each case is remitted to the superior court with direction to enter a decree affirming the decree or decrees of the probate court appealed from.

*John Di Libero,* for appellants.

*John P. Cooney, Jr., Luigi De Pasquale,* for Maria Gemma.

*Harold C. Arcaro,* for guardian.