HYMAN MILLER *vs.* ACHILLE VERVENA, *Gdn. et al.*
SAME *vs.* SAME.

JUNE 28, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   These two cases are appeals from two decrees of the probate court of the city of Providence, entered in the same general proceeding, as to a temporary guardianship over Maria Gemma, alias Maria Del Sesto, as was involved in an opinion of this court in *Gemma* v. *Vervena* and *Di Libero* v. *Vervena*, 68 R. I. 342, 27 A. 2d 842.

Angelo Gemma began this proceeding by filing in the probate court of the city of Providence two petitions, one being for the appointment of a guardian of the person and estate of his wife, on the ground that she was of unsound mind, and the other for the appointment of a temporary guardian of her person and estate pending a hearing upon the former petition. On April 17, 1941 the latter petition was granted and Achille Vervena was appointed temporary guardian.

He duly qualified and acted as such temporary guardian until June 23, 1941, when on petition of Maria Gemma he was discharged as such and she was released from the temporary guardianship. On the same date the still pending petition of her husband for the appointment of a permanent guardian was denied. Two days later Achille Vervena filed an inventory of her estate and his first and final account as temporary guardian. After a hearing these were allowed by a decree of the probate court, which was entered on August 13, 1941 and is mentioned in our opinion above referred to.

On September 12, 1941 the present appellant, Hyman Miller, filed in the probate court in this temporary guardian-

ship matter a claim of appeal from that decree; and on October 1, 1941, he filed in the superior court a certified copy of that claim of appeal and of the record of the proceedings appealed from, including the inventory and account and the decree by which they were allowed. At the same time he filed in the superior court his reasons of appeal, being in substance and effect that the decree was contrary to the law; that it was contrary to the evidence; and that the guardian was responsible for doctors' bills but the decree appealed from excluded them. This appeal is the one involved in the first of the two cases covered by this opinion.

The copy of the record of the proceedings in the probate court did not show the filing in that court by the appellant of any claim for medical services rendered by him to the ward, though he states in his brief filed before us in the instant cases that he rendered such services to her, filed a claim with the temporary guardian therefor, which was not paid, and a petition in the probate court seeking payment therefor, which was denied by that court.

The second case covered by this opinion is an appeal taken by the same appellant from a decree which was entered by the probate court on August 13, 1941, in the same temporary guardianship proceeding, and by which a certain petition filed by Angelo Gemma on July 25, 1941 was denied and dismissed. In this petition the latter had stated that in his prosecution of his petition for the appointment of a temporary and a permanent guardian of the person and estate of his wife Maria he was obliged to engage the services of this appellant and several other doctors; that they had rendered such services and had filed, in the cause, claims for payment for such services; that the temporary guardian had been removed as such in a decree by the probate court and had filed his final account; and that the aforesaid claims had not been paid or allowed or disallowed by the temporary guardian.

In this petition the specific prayers for relief were that the approval of the temporary guardian's account be stayed

until these doctors' claims were allowed or disallowed by him or by the court, or that the court appoint some other person to allow or disallow them; and that before approving this guardian's account and discharging him from his bond the court make an allowance out of the funds of the estate for the payment of the claims. This petition is the second one which is described in the above-mentioned opinion of this court, on page 344 of 68 R. I., and on page 843 of 27 A. 2d, and appeals from the denial of which were the subject matter of two of the cases discussed and decided in that opinion.

In each of these cases there were the following proceedings: On November 7, 1941, Maria Gemma, using the name Maria Del Sesto only, filed in the superior court a motion that the appeal be dismissed on the ground that the appellant was not a party in interest nor a person aggrieved by the order or decree appealed from. On January 19, 1942, as "Maria Gemma, alias", she filed in that court another motion that this appeal be dismissed, without stating any ground for dismissal. Under date of February 2, 1942 the record shows: "Motion to dismiss is denied", no decision or rescript being filed, no ground for the denial being shown and no exception being noted.

On October 5 and again on October 19, 1942 Maria Gemma and Achille G. Vervena filed in the superior court a motion that the appeal be dismissed on the ground that according to the above-mentioned opinion of this supreme court the appellant was not a party in interest nor a person aggrieved by the order or decree of the probate court from which the appeal had been taken. This motion was heard and granted on November 12, 1942 in a rescript by the justice of the superior court by whom the former motion to dismiss had been denied, this later decision being based on the ground stated in the motion.

The appellant in the instant cases is one of the doctors mentioned, in our opinion in the case above cited, as having been employed by Angelo Gemma or his counsel in the

probate proceedings for the appointment of a guardian over his wife, and as having filed claims against her estate after she had been released from guardianship by the decree of the probate court.

There is nothing in the records before us to show that any claim was ever made by the appellant against the temporary guardian and certainly no such claim is involved in either of these cases, nor any claim against Mrs. Gemma. As was pointed out in our former opinion, probate proceedings in this state are purely statutory and § § 8, 9 and 10 of general laws 1938, chapter 426, are the only sections dealing with temporary guardianships; and they do not provide for the enforcement, through probate court proceedings, of claims for services rendered at the request of a temporary guardian, even though those services have been beneficial to the person who was under the temporary guardianship.

It may be that if such services have conferred upon such person a benefit measurable in money, payment for them may, under the doctrine as to unjust enrichment, be enforced against him or her, who was under a temporary guardianship when the services were rendered, but who has ceased to be under any kind of guardianship. But that question is not before us and we express no opinion thereon.

Moreover it has been held by this court that contracts made by a temporary guardian for the care and maintenance of his ward bind him personally and not the estate of the ward. *Tonge* v. *Salisbury*, 54 R. I. 170. That holding is, in our judgment, in accordance with the statutory provisions in this state on the subject and we have found no authority to the contrary.

It is argued in behalf of the appellant in the instant cases that, as the motions first filed by the appellees to dismiss the appeals were denied by the justice of the superior court by whom they were heard, he could not later lawfully sustain similar later motions to the same effect; and that therefore the exceptions by the appellant to these later decisions should be sustained.

But whether or not that justice could lawfully sustain these later motions we need not decide, since at any rate the cases are now properly before us and have been fully heard on the legal questions involved. Under the statutory provisions as to temporary guardianships and under the law of this state concerning claims against temporary guardians, as stated above and in our above-cited opinion, the probate court was without jurisdiction to give the appellant the relief which he sought and the denial of which is set forth in his reasons of appeal. This want of jurisdiction is apparent upon the record. Therefore, the exception should be overruled in each case.

The appellant's attorney contended before us that because the appellant is absent from the state in war service and may not return for a considerable period his exception should not be disposed of at this time. Upon consideration we see no merit in this contention in the instant cases.

The appellant's exception in each case is overruled and each case is remitted to the superior court for the entry of a decree affirming the decree of the probate court appealed from.

*Aram A. Arabian,* for appellant.

*John P. Cooney, Jr., Luigi DePasquale,* for appellee Maria Gemma.

*Harold C. Arcaro,* for appellee Achille Vervena.